## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DERLON CRAIN (#91405)                                          CIVIL ACTION

VERSUS

STATE HEALTH & HOSPITAL DEPT., ET AL.                NO. 15-0580-SDD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate previously confined at the Calcasieu Parish Prison, Lake Charles, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Health and Hospitals ("LDHH"), LDHH Executive Representative John Ford and LDHH Spokesperson Olivia Watkins Hwang.   The plaintiff alleges that the Director of LDHH breached a duty of care owed to the plaintiff by failing to review the records of the Calcasieu facility to determine that diagnostic testing was being undertaken in compliance with state health standards.   The plaintiff alleges that if the Director of LDHH had reviewed the prison's medical records, he would have learned that physicians were not undertaking medical diagnostic testing in connection with incoming inmates.   The plaintiff alleges that, because of this "malfeasance in office," he contracted tuberculosis while confined at the Calcasieu Parish Prison.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.   An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.   *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999), *citing Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).   A claim is factually

frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.; see also Tate v. Gusman, 459* F.Supp.2d 519, 522 (E.D. La. 11/7/06), *citing Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).   A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry, supra*, *citing Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).   The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Douglas v. Gusman*, 567 F.Supp.2d 877, 883 (E.D. La. 6/9/08), *citing Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (*quoting Neitzke*, 490 U.S. at 327).   Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992), *citing Denton*, 504 U.S. at 33.   A § 1915 dismissal may be made at any time if the Court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).

The plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States.   First, with regard to the plaintiff's claim asserted against the Department of Health and Hospitals itself, the Eleventh Amendment to the United States Constitution provides immunity to any unconsenting state sued in federal court by her own citizens or by the citizens of other states.  *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).   Although

Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, absent consent or waiver, not here present, the State of Louisiana is immune from suit in federal court. This shield of immunity also extends to the Louisiana Department of Health and Hospitals as an arm or agency of the State. *See, e.g., Williams v. Joiner,* 62 F.3d 393 (5th Cir. 1995). Accordingly, the Louisiana Department of Health and Hospitals is entitled to Eleventh Amendment immunity and is subject to dismissal as a matter of law.

Second, although the plaintiff has named LDHH Executive Representative John Ford and LDHH Spokesperson Olivia Watkins Hwang as defendants herein, the plaintiff has failed to allege any direct or personal involvement on the part of these defendants in the events complained of.[1] In this regard, in order for a public official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not

---

[1] The official web site of the LDHH identifies John Ford as the LDHH "Press Officer" and Olivia Watkins Hwang as "Custodian of Records" and "Director of Media & Communications" for the Department.

be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").   Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.   *Lozano v. Smith*, *supra*, 718 F.2d at 768.

In the instant case, the plaintiff has failed to include any factual allegations whatever relative to the direct or personal involvement of the defendant supervisory officials in the events complained of.   There is no suggestion in the record or in the plaintiff's allegations that the LDHH "Press Officer," "Custodian of Records," or "Director of Media & Communications" have any responsibility for monitoring the medical care provided to prisoners confined at penal facilities located throughout the state or for ensuring that the care provided is appropriate.   Accordingly, the plaintiff has failed to state a viable cause of action against these defendants, and they are entitled to judgment as a matter of law.

Finally, the Court finds, in any event, that the plaintiff's claim asserted in this proceeding sounds more in the nature of a claim of negligence on the part of officials employed by LDHH, and mere negligence is not actionable under § 1983.   See *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).   Specifically, in order for an inmate to prevail on a claim that he has not been provided with adequate health care, he must be able to show that medical care was denied and that the denial constituted "deliberate indifference to serious medical needs."   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).   Whether the plaintiff received the treatment or accommodation that he believes he should have is not the issue.   *Estelle v. Gamble, supra.*   Nor do neglect, medical malpractice or unsuccessful medical treatment give

rise to a § 1983 cause of action.  *Varnado v. Lynaugh, supra*, 920 F.2d at 321.   Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.  *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994).   As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.   The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*.

In his Complaint, the plaintiff specifically describes his claim as being about the defendants' alleged "failed breach of duty" and "medical malfeasance in office."  He asserts that LDHH officials failed to screen the records of the Calcasieu prison to determine that prison medical officers were in compliance with state health standards.  The plaintiff asserts that if LDHH officials had done so, they "would have noticed that there were no proffessional [sic] physician doing med. diagnostics concerning the health of incoming inmates."  The plaintiff alleges that because of this "malfeasance in office, plaintiff sustained the (T.B.) Tuberculosis disease."  These assertions of "malfeasance" and "breach of duty" do not amount to a claim that the named state supervisory officials, with offices in Baton Rouge, Louisiana, were personally aware that the plaintiff, confined in a facility in a different city and parish, faced a substantial risk of serious harm that they intentionally or consciously ignored.  To the contrary, the plaintiff's claims of malfeasance and a breached duty of care by the named supervisory officials amount to

claims of mere negligence that are not actionable under § 1983.[2]

## <u>RECOMMENDATION</u>

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3]

Signed in Baton Rouge, Louisiana, on February 11, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]   The Court notes that the duty to provide the plaintiff with appropriate medical care is more directly the responsibility of persons employed at the Calcasieu Parish Prison.  The Court further notes that the plaintiff filed a previous lawsuit in this Court asserting a similar claim, and he appropriately named as defendants in that case the Calcasieu Parish Sheriff and unidentified Calcasieu Parish Prison administrators.   *See Derlon Crain v. Sheriff Tony Mancuso, et al.*, Civil Action No. 15-566-SDD-SCR (M.D. La.). That case was transferred to the Western District of Louisiana for resolution and disposition.

3  The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DERLON CRAIN (#91405)**                                    **CIVIL ACTION**

**VERSUS**

**STATE HEALTH & HOSPITAL DEPT., ET AL.**              **NO. 15-0580-SDD-EWD**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 11, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**